KOYCHEFF v. MUTUAL BENEFIT HEALTH & ACCIDENT ASSN.

1. CONTINUANCE—ABSENCE OF REBUTTAL WITNESSES.
    In action on a health and accident policy on insured whose body was found floating in the river, court's refusal to allow an adjournment in order to permit beneficiary to produce doctor who had performed an autopsy upon insured and a court clerk of a United States district court as rebuttal witnesses at close of a continuance from 11:15 a.m. to 2 p.m. was not error where record does not show plaintiff then requested further continuance.

2. INSURANCE—BURDEN OF PROVING ACCIDENTAL DEATH—EVIDENCE.
   In an action on an accident insurance policy the burden of proving accidental death of insured is upon the plaintiff and until there is some proof tending to establish one of several equally reasonable theories, some consistent with the theory of accidental death, and some inconsistent with it, a case is not made out.

3. SAME—DEATH—PRIMA FACIE CASE.
   In a case where suit is brought to recover a death indemnity under an ordinary life insurance policy, without additional benefits in case of death by accident, plaintiff makes a prima facie case upon a showing of death.

4. SAME—SUICIDE—BURDEN OF PROOF.
   Suicide is an affirmative defense to an action on an insurance policy and the burden of proving such is on the defendant.

5. SAME—ACCIDENT—SUICIDE—BURDEN OF PROOF.
   When recovery is sought under an accident policy or double indemnity provision of a life insurance policy, the plaintiff has burden of showing death was due to accident and the consequent negativing of suicide is then upon plaintiff.

6. SAME—ACCIDENT—SUICIDE—BURDEN   OF   PROOF—EVIDENCE—DROWNING.
   Where evidence shows that deceased, insured under an accident policy, came to his death by drowning and testimony is more consistent with suicide theory of death than accident theory, plaintiff beneficiary failed to sustain burden of proving accidental death and court should have directed verdict for insurer.

Appeal from Wayne; Campbell (Allan), J. Submitted April 7, 1943. (Docket No. 18, Calendar No. 41,882.) Decided June 7, 1943.

Assumpsit by Philip Koycheff against Mutual Benefit Health & Accident Association on a health and accident policy. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*John G. Romanoff,* for plaintiff.

*Clifford M. Toohy,* for defendant.

Bushnell, J.   Plaintiff Philip Koycheff, of Bella, Bulgaria, is the beneficiary in a health and accident policy of insurance issued by defendant Mutual Benefit Health & Accident Association to plaintiff's father, Koycho Tsocheff, late of Detroit, Michigan. Tsocheff, when employed, was a wood worker in an automobile plant.   He had been divorced from his wife in Bulgaria and had lived in Detroit for some years.   He was a quiet fellow, interested in amateur photography and the radio.

When Tsocheff was last seen in the restaurant of one of plaintiff's witnesses on the morning of May 15, 1935, he was somewhat worried about the outcome of his pending naturalization proceedings.   This witness further testified that Tsocheff had been unemployed since being operated on for a hernia in January, and owed him about $135 for meals since the operation.   Another witness that same afternoon saw him board a street car and understood that he was going to collect some money that a friend owed him.   One of defendant's witnesses told of a conversation with Tsocheff about a week prior to his death in which the decedent said that the citizenship matter looked "pretty bad" and, he added, "Well, I guess there is not much left for me to do but go down and jump in the river."   Three or four days later this witness asked Tsocheff if he had gotten "that foolish idea out of his head," and he smiled and said, "Well, I will straighten it all out in my own way."

The body of Tsocheff was found, fully clothed, floating in the Detroit river near Wyandotte on the morning of May 16, 1935.   The county coroner gave the cause of death as "acute dilatation of the heart. Chronic myocarditis."   Dr. Brines, who performed

a second autopsy at the request of plaintiff, said that, in his opinion, Tsocheff "died of drowning;" but Dr. Coleman, a Wayne county medical examiner, who performed the first autopsy, disagreed because of the result of his findings after an examination of the heart and lungs. They agreed that there was no appearance of violence on the body, and that acute dilatation of the heart could be caused by strain, excitement, or a weakened condition of the heart muscles.

At the close of plaintiff's proofs the insurance company asked the court to direct a verdict in its favor on the grounds that no affirmative proof of loss was given as required by the standard provisions of the policy, and that plaintiff had not offered any proof of accidental death. Defendant's motion was denied. It was renewed at the close of the case and decision thereon was reserved by the trial judge. The case was submitted to the jury, which found in favor of the insurance company.

Appellant contends that the trial judge erred in refusing to adjourn the case in order to permit him to produce Dr. Brines and the clerk of the United States district court as rebuttal witnesses. A continuance was granted from 11:15 a.m. to 2 p.m., and when the doctor did not appear, plaintiff did not request any further delay. The record does not show that plaintiff asked for a continuance because of the nonappearance of the clerk. The trial court did not err in this respect.

Plaintiff also claims the court erred in charging the jury as follows:

"If the death was caused by dilatation of the heart, and attendant myocarditis, that would be death of natural causes. Under those circumstances, the defendant would not be liable."

Defendant says that, in the event it is determined that appellant is entitled to a new trial, the verdict of the jury should nevertheless be sustained because the trial judge should have directed a verdict for the insurance company in the absence of any proof of accidental death.

The decisive question is whether there was any evidence of accidental death to be considered by the jury.

It is a settled rule of law that in an action upon an accident insurance policy, the burden of proving accidental death is upon the plaintiff. As was said in *Merrett* v. *Preferred Masonic Mutual Accident Association of America,* 98 Mich. 338:

"Until there was some evidence tending to show that death resulted from accident, rather than from design or natural causes, such as apoplexy or heart failure, there was nothing to go to a jury. There was not a prima facie case of accidental death. The burden of proving accidental death is upon the plaintiff. Until some proof is offered tending to establish one of several equally reasonable theories, some consistent with the theory of accidental death, and some inconsistent with it, a case is not made out."

In the more recent case of *Dimmer* v. *Mutual Life Ins. Co. of New York,* 287 Mich. 168, 171, the court said:

"In a case where suit is brought to recover a death indemnity under an ordinary life insurance policy, without additional benefits in case of death by accident, plaintiff makes a prima facie case upon a showing of death. Suicide is an affirmative defense and the burden of proving such is on defendant. *Ferris* v. *Court of Honor,* 152 Mich. 322; *Shiovitz* v. *New York Life Ins. Co.,* 281 Mich. 382, *Stuckum* v. *Metropolitan Life Ins. Co..* 283 Mich. 297.

"However, when the action is brought upon an accident policy or upon the double indemnity provision of a life policy, it is incumbent upon plaintiff to show that death occurred through accidental means. The burden of proving accidental death and the consequent negativing of suicide is on plaintiff."

See authorities therein cited. See, also, *New York Life Ins. Co.* v. *Gamer,* 303 U. S. 161 (58 Sup. Ct. 500, 82 L. Ed. 726, 114 A. L. R. 1218).

If we assume, as appellant contends, that Tsocheff came to his death by drowning, the testimony shows that the suicide theory is more consistent than the accident theory. Appellant failed to sustain the burden of proving accidental death and, under the foregoing authorities, the court should have directed a verdict for appellee.

In view of this holding, it is unnecessary to discuss the other questions raised.

The judgment in favor of defendant is affirmed, with costs to appellee.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.