345 Mich. 586 (1956)
76 N.W.2d 869
REED
v.
MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION.
Docket No. 64, Calendar No. 46,254.
Supreme Court of Michigan.
Decided May 14, 1956.
Harold J. Ashdown, Roy H. Hagerman, and Caleb F. Enix, for plaintiff.
Arthur M. Hoffeins, for defendant.
DETHMERS, C.J.
Plaintiff sues on a group health and accident insurance policy as named beneficiary. It insured a group of Branch county officials and employees, styled in the policy as the "Branch County Clerk Group," including plaintiff's son, a deputy sheriff. The claim is for his accidental death. From judgment for plaintiff defendant appeals.
The policy required that defendant be given immediate notice of the accidental death of an insured. Such notice was given here by the county clerk, who paid the premiums on the policy through his office. Admitting this, defendant contends that it is not liable because of plaintiff's noncompliance with the policy's statutory provision that written proof of *588 loss must be furnished to defendant within 90 days after insured's accidental death. The policy provided for furnishing of forms for proof of loss by defendant to claimant upon defendant's receipt of notice of accidental death and that, if not so furnished within 15 days, claimant should be deemed to have complied with policy requirements by submitting "written proof covering the occurrence, character and extent of the loss for which claim is made." Pertinent facts are that the written notice of accidental death, furnished by the county clerk to defendant, stated that insured had been shot and killed on a mentioned date by a young boy who, at time of notice, stood charged with insured's murder; that within 30 days after the killing the clerk notified defendant's office of the circumstances of the death and advised that a claim would be filed after the murder trial was heard; that within the 90-day period after death the clerk informed defendant in writing that the murder trial had resulted in an acquittal and asked whether plaintiff was entitled to benefits of the policy under those circumstances; that a few days after expiration of the 90-day period defendant replied to the clerk's last-mentioned letter, stating that it would not consider the claim because no proof of loss had been filed within the 90 days; that in the interim defendant had made an investigation in connection with this claim and, on the basis thereof, concluded that the death was not accidental; that during the entire 90-day period defendant had in its possession information concerning the identity of plaintiff-beneficiary and her address and that the latter was the same as that given by insured, but that defendant at no time during its investigation contacted plaintiff; that plaintiff did not know of the existence of the policy or that her son was insured by defendant until some 3 weeks after the 90-day period had expired, when the *589 sheriff gave her a copy of the policy; that on that same day she consulted her attorney and he wrote defendant concerning the claim; that 5 days later defendant wrote to said attorney, denying liability for failure to furnish proof of loss within 90 days; that while plaintiff's declaration alleged that she had given defendant notice of insured's death through her agent, the county clerk, defendant's answer denied it and the proofs fail to show such agency or that the clerk acted in any capacity other than that of a volunteer.
The conclusion is inescapable that during the 90-day period defendant had all the material information and was enabled to take all the steps which would have been available to it had plaintiff furnished, within that period, "written proof covering the occurrence, character and extent of the loss." The evidence does not clearly preponderate against the finding evidently made by the trial court, sitting without a jury, that plaintiff had no knowledge of the existence of the policy or her rights under it until after the 90 days had run, that this was not due to negligence or fault on her part, and that she was not bound by the knowledge of the county clerk because he had not been her agent. Accordingly, her failure to give immediate notice of insured's accidental death is excused under our holding in Rogers v. Great Northern Life Insurance Co., 284 Mich 660, which involved the same policy provisions here considered. We think the reasoning in that case equally applicable to the requirement for furnishing proof of loss. Once plaintiff had knowledge of the policy, she proceeded with dispatch, through her attorney. With equal promptness defendant advised her attorney of its denial of liability for failure to file proof of loss within the 90-day period. That waived any possible, remaining requirement that plaintiff furnish proof of loss after she learned *590 of the policy. Popa v. Northern Insurance Co. of New York, 192 Mich 237; Fisk v. Fire Association of Philadelphia, 192 Mich 243; Johnson v. The Yorkshire Insurance Co., 224 Mich 493.
Defendant also seeks reversal on the ground of plaintiff's failure to prove the death accidental. Plaintiff proved that a companion shot insured twice in the back of the head, as a result of which he afterwards died. The companion, hereinafter called witness, testified that he was 16 years old at the time of shooting insured, an older man; that insured had been making indecent advances to him over a long period of time, accompanied by threats of violence if resisted; that on the night in question insured had threatened witness's life and that he was in extreme fear and shot in self-defense; that witness first shot insured in the back of his head while they were seated in insured's parked automobile and while insured was bending forward to fix the heater; that witness then jumped out of the automobile and ran into the night for a distance of 40 or 50 feet; that he concluded that he was an easy target for insured and, therefore, walked back to the automobile in order to be shielded by its body; that he looked into the driver's window and saw insured slumped over in the seat with his hands on the floor; that witness then opened the door and one of insured's hands went to the floor a little more; that witness then jumped into the car with one knee on the seat and fired a second shot into the back of insured's head. Insured died later that same night in a hospital. Defendant relies on Peterson v. Aetna Life Insurance Co., 292 Mich 531, holding that within the meaning of an accident policy an insured's death resulting from intentional homicide is not accidental when culpably provoked by insured and the result of his own misconduct. Plaintiff, in turn, cites Furbush v. Maryland Casualty Co., 131 Mich 234 (100 Am St *591 Rep 605), to the effect that an intentional homicide is an accident within the meaning of an accident policy, if insured himself was in no way responsible for his death. To same effect, see Hooper v. State Mutual Life Assurance Co., 318 Mich 384. Whatever may be said with respect to the circumstances under which the first shot was fired, the firing of the second shot, minutes later while insured was slumped over, in an apparently unconscious condition, was under such circumstances that it can scarcely be said that the evidence clearly preponderates against the trial court's finding that (1) it was not done in self-defense, (2) that it was not culpably provoked by insured nor the result of his misconduct and (3) that, therefore, insured's death was, within the meaning of the policy, accidental.
Affirmed, with costs to plaintiff.
SHARPE, SMITH, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.
The late Justice REID took no part in the decision of this case.