STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
COON

1. INSURANCE—AUTOMOBILE INSURANCE—ACCIDENTS—INTENTIONALLY
   INFLICTED INJURIES.

   In interpreting a general automobile liability policy insuring an
   insured's use of his automobile and obligating an insurance
   company to pay damages because of bodily injury caused by an
   accident arising out of the use of the automobile, the question
   whether an intentionally inflicted injury is an "accident" is
   determined from the standpoint of the one suffering the injury
   rather than from the standpoint of the one inflicting it.

2. INSURANCE—ACCIDENTS—INTENTIONALLY INFLICTED INJURIES.

   An injury is no less an accident where it is intentionally inflicted
   by an insured upon another, except where the injured party is
   an aggressor in a fight, or blameable for the injuries received
   therein.

3. INSURANCE—INDEMNITY—WRONGFUL CONDUCT—LIABILITY OF IN-
   SURER—PUBLIC POLICY.

   An insurance company's obligation under a general automobile
   liability policy to defend its insured in an action for injuries
   intentionally inflicted on another by the use of an automobile is
   found present where the policy has no specific provision exclud-
   ing liability in the event of the insured's assault and battery or
   intentional conduct since the insured is not seeking recovery
   against his own wrongful conduct and neither the insurance
   contract nor recovery under it can be held against public
   policy.

4. INSURANCE—ACCIDENTS—INTENTIONALLY INFLICTED INJURIES—
   QUESTION OF FACT.

   It is for the fact finder to determine whether an injured party
   was the aggressor or culpably provoked the events resulting in
   the injury intentionally inflicted by an insured by use of an
   automobile, and if such injured party is found to be the aggres-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 44 Am Jur 2d, Insurance § 1411.
[3] 44 Am Jur 2d, Insurance §§ 1411, 1412.

sor or the party who culpably provokes the events resulting in his injury the intentional infliction of injury would not constitute an "accident" within the meaning of a general insurance automobile liability policy.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 January 9, 1973, at Lansing. (Docket No. 13535.) Decided April 25, 1973. Leave to appeal applied for.

Complaint by State Farm Mutual Automobile Insurance Company against Alan B. Coon for a declaratory judgment to determine the plaintiff's liability to indemnify the defendant under a contract of insurance. Summary judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Douglas M. Philpott,* for plaintiff.

*Ronald H. Ring,* for defendant.

Before: BRONSON, P. J., and McGREGOR and DAN-HOF, JJ.

BRONSON, P. J. State Farm Mutual Automobile Insurance Company (hereinafter plaintiff) filed a motion for declaratory judgment claiming that it had no liability to indemnify defendant since his intentional infliction of injury upon another did not constitute an accident within the terms of its policy of general liability. The trial judge rendered judgment in favor of plaintiff from which defendant appeals as a matter of right. The primary issue raised for our consideration is whether the insured's intentional infliction of injury upon another by the use of an automobile constitutes an accident within the meaning of the insurer's automobile liability policy.

The issue raised is set upon a unique, if not bizarre, factual background. Defendant was separated from his wife, Mickie Coon, with a divorce

pending. He either knew or was led to believe that Frederick Bazzani, his cousin, was having illicit relations with his wife. On August 7, 1969, Bazzani visited Mickie Coon and overheard her talking on the telephone with her husband. Bazzani became angry and threatened Mrs. Coon and her children, saying, "I should kill you all".

Defendant was called by his son and informed of Bazzani's threat. Since defendant knew that Bazzani had been violent in the past and carried a shotgun in the trunk of his car, he immediately drove to his wife's home in Flint. Upon his arrival defendant observed Bazzani open the trunk of his car. Fearful that Bazzani would carry out his prior threats before he could alight from the car, defendant ran into Bazzani with his car, inflicting injuries for which Bazzani instituted suit.

Plaintiff issued a general automobile liability policy insuring defendant's use of his automobile. It is plaintiff's liability as defendant's insurer upon the underlying civil suit between Bazzani and Coon which is challenged in the present appeal. Plaintiff's insurance policy obligates it to pay damages because of bodily injury caused by an "accident" arising out of the use of defendant's automobile. It is the term "accident" which the parties ask us to interpret in the present appeal.

Plaintiff argues that its policy term, "accident", should be defined as an event which takes place without one's foresight or expectation and does not include injuries occasioned by the insured's intentional conduct. Jurisdictions considering the issue of whether intentional conduct such as an assault and battery constitutes an accident have reached an affirmative decision when viewing the occurrence from the standpoint of the insured and a contrary decision when viewing the occurrence

from the standpoint of the injured person.[1] Our careful review of Michigan authorities and evaluation of the relevant policy considerations justifies our adoption of the latter approach.

In *New Amsterdam Casualty Co v Jones,* 135 F2d 191 (CA 6, 1943), the Court was confronted with an analogous factual situation. There the insured, an oil station proprietor, became embroiled in a dispute on the premises and shot one Oscar Martin. The insurance carrier raised the same argument that the insured's intentional infliction of injury was not an accident. This Federal court, interpreting *Furbush v Maryland Casualty Co,* 131 Mich 234 (1902), and *Peterson v Aetna Life Insurance Co,* 292 Mich 531 (1940), concluded that "the question whether the injury is an accident, is to be determined from the standpoint of the one suffering it, rather than from the standpoint of the one inflicting it". These Michigan cases interpreting life insurance policies adopted this viewpoint to administer the analogous rule that the insured's injury or death resulting from intentional conduct was not an accident if caused by the insured or the insured was the aggressor. Our courts followed this rule if the assault was either the result of the insured's misconduct, *Hooper v State Mutual Life Assurance Co of Worcester, Massachusetts,* 318 Mich 384 (1947), or culpably provoked by the insured, *Reed v Mutual Benefit Health & Accident Association,* 345 Mich 586 (1956). This conclusion is supported by the very definition of "accident" submitted by plaintiff which described it as "an event which under the circumstances is unusual *and not expected to the person to whom it happened".* [2]

---

[1] *See* Anno: *Liability insurance: assault as an "accident," or injuries from it as "accidental," within coverage clause,* 33 ALR2d 1027.

[2] *Cf. Guerdon Industries, Inc v Fidelity & Casualty Co of New York,* 371 Mich 12 (1963).

Based upon this precedent, the *Jones* court stated:

" * * * [A]ccording to the same reasoning, an injury is no less an accident where it is intentionally inflicted by an insured upon another. This construction is not applicable, however, where the injured party is an aggressor in a fight, or blameable for injuries received therein." p 193.

We agree with the *Jones* Court and find no reason to apply different rules to life insurance policies and automobile insurance policies.

Like *Jones,* a specific provision excluding plaintiff's liability in the event of the insured's assault and battery or intentional conduct is conspicuous in its absence from the challenged policy.[3] While we have carefully evaluated the policy considerations advanced by plaintiff, we find that they were adequately answered by the *Jones* Court's following statement:

"In this regard, it is to be remembered that the insured is not seeking indemnity for the consequences of his own wrongful conduct; and that the provisions of the contract did not specifically insure against liability for unlawful acts. If the insured were bringing the action, a complete defense could be predicated and sustained on grounds of public policy that he could not profit by securing indemnity for his intentional wrongdoing; and if the policy had specifically insured against liability for intentionally injuring another, the contract would doubtlessly be void for its tendency to encourage illegal conduct." p 194.

[3] Our Courts' interpretation of such exculpatory clauses have not always afforded insurance carriers a means of avoiding liability. *See, e.g., Morrill v Gallagher,* 370 Mich 578 (1963); *Putnam v Zeluff,* 372 Mich 553 (1964); *Connecticut Indemnity Co v Nestor,* 4 Mich App 578 (1966); *Hawkeye Security Insurance Co v Shields,* 31 Mich App 649 (1971).

We likewise conclude that "viewed from a common sense standpoint, neither the contract, nor a recovery * * * can be held to be against public policy".[4] Applying the maxim that any ambiguity in the language of an insurance policy is to be resolved against the insurer,[5] we hold that the insured's intentional conduct falls within the policy term "accident". In view of this holding, plaintiff's obligation to defend the defendant in the ensuing civil action cannot be seriously questioned. *New Amsterdam Casualty Co v Jones, supra; Guerdon Industries, Inc v Fidelity & Casualty Co of New York,* 371 Mich 12 (1963). Accordingly, we reverse the judgment entered for plaintiff and remand the case for a trial.

Since Bazzani's conduct will be a critical issue at trial, we offer the following guidance. Our adoption of the rules found in the life insurance cases must be complete. Like the *Jones* Court, we find that if the injured party is the aggressor or culpably provokes the events resulting in his injury or demise, then the occurrence will not constitute an "accident" within the meaning of plaintiff's policy. Bazzani's threats and conduct may not have reached the proportions of that found in *Peterson v Aetna Life Insurance Co, supra,* to constitute provocation in the eyes of this reviewing court. We, therefore, leave the determination of this issue to the fact finder, be it judge or jury.

Reversed and remanded. Costs to defendant.

All concurred.

---

[4] *See Hawkeye Security Insurance Co v Shields, supra,* for a discussion of the various public policy considerations.

[5] *See Hooper v State Mutual Life Assurance Co of Worcester, Massachusetts, supra,* and *Patek v Aetna Life Insurance Co,* 362 Mich 292 (1961), citing cases.