762 F.2d 1006
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AMANDA CROWELL, PLAINTIFF-APPELLANT,
v.
THE TRAVELERS INSURANCE COMPANY, A FOREIGN CORPORATION,
DEFENDANT-APPELLEE.
 NO. 83-1805
 United States Court of Appeals, Sixth Circuit.
 3/8/85
 
 On Appeal From The United States District Court For The Eastern District of Michigan
 BEFORE: KEITH and KRUPANSKY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff, Amanda Crowell, seeks reversal of a jury judgment entered for defendant, The Travelers Insurance Company, by the United States District Court for the Eastern District of Michigan. Plaintiff, the beneficiary of an insurance policy issued by defendant, filed this action to recover an additional $30,000 payable under the policy's double indemnity clause if the death of plaintiff's insured son was shown to be the result of 'accidental bodily injury.'
 
 
 2
 At trial plaintiff presented proof that her son's death was the result of violent and external causes. On the basis of this showing, plaintiff opposed defendant's motion for a directed verdict by claiming she was entitled to the presumption under Michigan law that an insured's death resulting from external or violent means is accidental. The district court initially acknowledged the applicability of the presumption to plaintiff's case annd denied defendant's motion. Defendant then submitted proof that plaintiff's insured son was fatally shot by his landlord during a fight allegedly started by the son. At the conclusion of trial, the court excluded the presumption of accidental death from the instructions to the jury and effectively ruled that it should not apply to the case. We affirm the judgment of the district court for the reasons set forth below.
 
 
 3
 Plaintiff assigns reversible error to the district court's failure to charge the jury on the applicability of the presumption of accidental death and its effect on the parties' burden of proof at trial. We do not accept plaintiff's analysis of the presumption of accidental death under Michigan law and find no error in the court's refusal to apply it to this case. Plaintiff erroneously contends that the presumption of accidental death applies to deaths involving homicide or deaths otherwise not raising an issue of suicide. Plaintiff's argument, however, contravenes Michigan law and flies in the face of common sense.
 
 
 4
 The presumption at issue arises from the human instinct of self-preservation: where an unexplained death results from violent, external causes 'a presumption arises in accordance with human experience that it was not caused by suicide.' New York Life Insurance Company v. Gamer, 303 U.S. 161, 163 (1938). In such cases, under Michigan law, an insurance company must pay face benefits under a policy covering non-suicidal accidental deaths absent proof showing suicide was more likely the cause of the insured's death than not. Thus, in a case of unexplained death where no evidence of suicide exists, beneficiaries claiming face benefits enjoy a legal presumption the insured's death was accidental and not suicidal. See Cummins v. John Hancock Mutual Life Insurance Co., 337 Mich. 629, 633-32, 60 N.W. 2d 490, 492-94 (1953).
 
 
 5
 However, where the plaintiff seeks double indemnity payments, the burden is on plaintiff to establish accidental death. Id.; Dimmer v. Mutual Life Insurance Co., 287 Mich. 168, 172, 283 N.W. 17, 18 (1938); Shiovitz v. New York Life Insurance Co., 281 Mich. 382, 388, 275 N.W. 181, 183 (1937). Thus, under Michigan law, no automatic presumption against suicide operates in cases where action is brought upon a double indemnity provision of a life insurance policy.
 
 
 6
 Neither does the presumption of accidental death operate where, as in the case at bar, the insured's violent death is solely attributed to homicide. New York Life Insurance Co. v. Ollich, 42 F.2d 399, 403 (6th Cir. 1930). The inquiry in a homicide case involves no legal presumption but instead focuses on whether the insured's homicidal death should be considered 'accidental' for purposes of insurance benefits payments. See e.g. Reed v. Mutual Benefit Health and Accident Association, 345 Mich. 586, 76 N.W. 2d 869 (1956); Peterson v. Aetna Life Ins. Co., 292 Mich. 531, 290 N.W. 896 (1940); Wynglass v. Prudential Life, 68 Mich. App. 514, 242 N.W. 2d 824 (1976); State Farm Mutual Automobile Insurance Co. v. Coon, 46 Mich. App. 503, 208 N.W. 2d 532 (1973). Absent proof the insured provoked his death or engaged in conduct with death as a forseeable consequence, the insured's homicidal death will be viewed as 'accidental' and benefits will accrue under the policy. Hooper v. Life Assurance Co., 318 Mich. 384, 391, 28 N.W. 2d 331, 333 (1947); Furbush v. Maryland Casualty Co., 131 Mich. 234, 237-38, 91 N.W. 135, 136 (1902).
 
 
 7
 It is undisputed in the case at bar that the death of plaintiff's insured son was homicidal and that plaintiff brought action to recover under a double indemnity clause. The nature of plaintiff's case, therefore, precludes application of the presumption of accidental death under Michigan law. The Michigan cases cited by plaintiff do not support her proposition that the presumption can be raised in a homicide case.
 
 
 8
 Thus, the district court properly refused to apply the presumption and correctly instructed the jury to determine whether plaintiff's son met his death as the aggressor in a fight. The proof tendered at trial that plaintiff's son was shot by his landlord after an alleged confrontation initiated by the insured precluded consideration of the presumption of accidental death or its effect on the burdens of proof.
 
 
 9
 Plaintiff next contends, without citation to authority, that the district court impermissibly refused to instruct the jury on the presumption of ordinary care due to a deceased party in a negligence case. This argument has no merit. Negligence was not an issue at bar nor could it have been given the nature of the case.
 
 
 10
 Accordingly, the judgment of the Honorable Ralph M. Freeman, United States District Court for the Eastern District of Michigan, is affirmed.