PEOPLE v MARTINSON

Docket No. 91960. Submitted April 8, 1987, at Grand Rapids. Decided
June 16, 1987. Leave to appeal denied, 429 Mich —.

Christopher R. Martinson was convicted following a jury trial in
the Delta Circuit Court of assault with a dangerous weapon and
failure to stop at the scene of a personal injury accident. The
trial court, Dean J. Shipman, J., sentenced defendant to one
year of probation with six months to be spent in the county
jail. Defendant appeals.

The Court of Appeals *held*:

1. The verdicts were not inconsistent or illegal. The term
"accident" which appears in the statute regarding failure to
stop at the scene of a personal injury accident may be inter-
preted to include intentional conduct.

2. The trial court never promised defendant that it would
instruct the jury that the charge of leaving the scene could be
submitted to the jury as an alternative theory. Defense counsel
never relied on such an alleged promise.

Affirmed.

1. CRIMINAL LAW — MOTOR VEHICLES — FAILURE TO STOP AT PER-
SONAL INJURY ACCIDENT — "ACCIDENT".

The term "accident" which appears in the statute regarding
failure to stop at the scene of a personal injury accident may be
interpreted to include intentional conduct; the term is intended
to include all automobile collisions and is not concerned with
the cause of the collision (MCL 257.617a; MSA 9.2317[1]).

2. CRIMINAL LAW — ASSAULT WITH DANGEROUS WEAPON — FAILURE
TO STOP AT PERSONAL INJURY ACCIDENT — "ACCIDENT".

It is not inconsistent or illegal to convict a defendant of assault

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 289 *et seq.*;345,
346.

Automobile as dangerous or deadly weapon within meaning of
assault or battery statute. 89 ALR3d 1026.

Necessity and sufficiency of showing in a criminal prosecution
under a "hit and run" statute accused's knowledge of accident,
injury, or damage. 23 ALR3d 497.

with a dangerous weapon and failure to stop at the scene of a personal injury accident based on the same fact situation; the term "accident" is intended to include all automobile collisions whether intentional or unintentional (MCL 257.617a, 750.82; MSA 9.2317[1], 28.277).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Steven L. Pence,* Prosecuting Attorney, and *Thomas C. Johnson,* Assistant Attorney General, for the people.

State Appellate Defender (by *Fred E. Bell*), for defendant on appeal.

Before: WEAVER, P.J., and D. E. HOLBROOK, JR., and T. GILLESPIE,* JJ.

WEAVER, J. Defendant was convicted by a jury of assault with a dangerous weapon, MCL 750.82; MSA 28.277, and failure to stop at the scene of a personal injury accident, MCL 257.617a; MSA 9.2317(1), and was sentenced to one year of probation with six months to be spent in the county jail. Defendant appeals as of right. We affirm.

The facts leading to defendant's conviction arose from an argument and fistfight between defendant and Gary Joseph Harris, Jr., during which defendant sprayed Harris with a fire extinguisher. Harris then covered his eyes and went back to his own car and was leaning against the car when defendant drove up in his car and pinned Harris between the two cars. After Harris shouted and pounded on the hoods of both cars, defendant finally backed off and drove away. As a result of the incident, Harris was hospitalized for eight days. Defendant claimed that the incident was an accident. On appeal, he argues trial court error (1) in allowing two convictions and (2) in instructing the jury.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant first argues that it is contrary to legislative intent and the rules of statutory construction to convict, on the same facts, first of committing an intentional assault and then of leaving the scene of a personal injury accident, since the word "accident" only applies to unintentional injury. We disagree.

We know of no cases deciding whether MCL 257.617a; MSA 9.2317(1)[1] defines accident to include intentional or unintentional conduct. However, when holding an automobile insurer liable to pay damages incurred by its insured in an accident, this Court has found accident to include a defendant's intentional behavior so long as the injured person is not the aggressor. *State Farm Mutual Automobile Ins Co v Coon,* 46 Mich App 503, 507-508; 208 NW2d 532 (1973). Where the term accident appears in criminal statutes which forbid leaving the scene of a personal injury accident, courts in other jurisdictions have interpreted accident to include intentional conduct, reasoning that such statutes are not concerned with the cause of an accident but are intended to include all automobile collisions. *State v Smyth,* 121 RI 188; 397 A2d 497, 499 (1979); *State v Parker,* 299 Or 534, 542-543; 704 P2d 1144, 1148-1149 (1985). See also *People v Laursen,* 175 Cal App 3d Supp 1, 6-7; 222 Cal Rptr 122, 125-126 (1985); *State v Masters,* 106 W Va 46; 144 SE 718 (1928). We

---

[1] MCL 257.617a; MSA 9.2317(1) provides in pertinent part:

(1) The driver of a vehicle who knows or who has reason to believe that he has been involved in an accident . . . , resulting in injury to a person shall immediately stop his vehicle at the scene of the accident and shall remain there until the requirements of section 619 are fulfilled. . . .

(2) A person failing to stop or to comply with those requirements shall be guilty of a misdemeanor, punishable by imprisonment for not more than 1 year . . . .

agree with this interpretation. Therefore, we are not persuaded by defendant's argument that the verdicts were inconsistent or illegal and find that a new trial is unwarranted.

Defendant also argues that the trial court had stated that the charge of leaving the scene could be submitted to the jury as an alternative theory, and that error requiring reversal occurred when the trial court did not so instruct the jury. We find no merit in this argument.

At trial, defense counsel moved for a directed verdict on the basis that charges of felonious assault[2] and leaving the scene of a personal injury accident were inconsistent. The trial court denied this motion, stating that the word accident did not relieve the charge from being submitted to the jury as an alternative theory; if the jury should find the incident not to be an assault, there was still evidence that it was an accident and that defendant had fled from it. When instructing the jury, the court instructed first regarding assault, then regarding leaving the scene of an accident, and did not say that the charges were alternative. When defense counsel later objected in chambers, the court stated that it felt the jury could find defendant guilty of both assault and leaving the scene, and that there was no double jeopardy problem because the two constituted different crimes.

Thus it is apparent that the trial judge never promised defendant that he would instruct the

---

[2] MCL 750.82; MSA 28.277 provides:

> Any person who shall assault another with a gun, revolver, pistol, knife, iron bar, brass knuckles or other dangerous weapon, but without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a felony.

jury that the charge of leaving the scene could be submitted to the jury as an alternative theory. It is also apparent that defense counsel never relied on such an alleged promise, since his closing statement to the effect that defendant had in fact struck Harris with the car merely comported with defendant's own testimony.

Affirmed.