### GENERAL NECESSITIES CORPORATION *v.* WAYNE CIRCUIT JUDGE.

1. EXCEPTIONS, BILL OF—SETTLEMENT—MOTION FOR NEW TRIAL DOES NOT SUSPEND RUNNING OF TIME.
   The fact that a motion for a new trial is pending does not suspend the running of the time which has been granted to settle a bill of exceptions under Circuit Court Rule No. 66, and 3 Comp. Laws 1915, § 12634.

2. SAME—EXTENSION OF TIME TO SETTLE—JURISDICTION OF COURT —ABUSE OF DISCRETION.
   A delay of 15 months after the expiration of the time to settle a bill of exceptions before making a motion to extend the time deprived the trial court of the power to grant same, therefore the court did not abuse its discretion in denying the motion, and plaintiff's delay is not excused by reason of the illness and absence of the nonresident judge who heard the cause, and other delays, making it difficult to get it to a hearing, since he could at least have made the motion in time.

Mandamus by the General Necessities Corporation to compel Fred W. Brennan, acting circuit judge of Wayne county, to vacate an order denying a motion for an extension of time to settle a bill of exceptions. Submitted April 5, 1921. (Calendar, No. 29,522.) Writ denied May 5, 1921.

*William Henry Gallagher,* for plaintiff.

*Dohany & Dohany,* for defendant.

BIRD, J. The case of Neson Rosen against the plaintiff herein was tried in the Wayne circuit court and a judgment rendered therein for the said Rosen on the 19th day of April, 1919. Three days later, on April 22d, an order was entered giving plaintiff herein 60 days in which to settle a bill of exceptions. The time allowed by this order expired on June 25, 1919. No further extension of time was granted or requested until October 8, 1920, on which date a motion was filed asking for further time. This motion was heard and denied on October 23, 1920. This is the order which the plaintiff now asks this court to set aside.

The reasons which the plaintiff gives in support of his motion are the following:

*First:* Because settlement of bill of exceptions properly follows adjudication of motion for a new trial, and that final adjudication upon defendant's motion for a new trial was not made until September 11, 1920.

*Second:* Said final adjudication upon said motion was postponed solely on account of the inability of the court to hear the same, and not upon account of any delay upon the part of defendant.

1. It is quite true that settlement of bills of exceptions usually follows the adjudication of motions for new trial, but this fact furnishes scant excuse for failure to obtain extensions of time in which to settle bills of exceptions. The fact that a motion for a new trial is pending does not suspend the running of the time which has been granted to settle a bill of exceptions. The practice on these questions is regulated by different rules of court. Rule No. 48 provides the method to be followed in making applications for new trials, whereas Rule No. 66 and section 12634,

3 Comp. Laws 1915, provide the practice for the settlement of bills of exceptions. The only connection there is between motions for new trial and settlement of bills of exceptions is made by the statute when the new trial is made and denied within the first 20 days after judgment (section 12634). We are not impressed that there is any virtue in this ground.

2. The record shows that plaintiff's attorney ordered a transcript of the testimony from the stenographer on May 2d and the same was delivered to him on August 11, 1919. Some delays occurred by reason of the illness and absence of the nonresident judge who heard the case in Wayne county. Other delays were caused by the summer vacation of plaintiff's counsel and by misunderstandings as to when his motion would be heard. We are not impressed that the showing is such that it furnishes a valid excuse for plaintiff's failure to apply for further time after his right expired on June 25, 1919. Plaintiff could, at least, have made a motion to extend the time to settle his bill even though it were difficult to get it to a hearing. This he did not do for 15 months. Under the holding in *Boyne City Hardware Co.* v. *Charlevoix Circuit Judge,* 197 Mich. 374, we do not think the trial court had the power to make the extension asked for, under the showing, after so great a lapse of time. But whether he did or not, the questions which are before us were all before the trial court upon plaintiff's motion, and it was the conclusion of the trial court that the motion should be denied. We find nothing in the record which would justify us in concluding that the trial court had abused its discretion in making the order.

The order will be affirmed, with costs to the defendant.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.