MILEY v. JOHNSON.

APPEAL AND ERROR—ASSIGNMENTS OF ERROR—COURT RULES—REVIEW.

Where appellant's bill of exceptions was stricken from the record by the Supreme Court (217 Mich. 415) for failure to comply with the statute and court rules, and he thereafter failed to assign error upon the record under Supreme Court Rule No. 11, which he might have done, but instead filed additional assignments of error without permission of the court after allowing the time therefor to elapse, there are no assignments of error which this court may consider.

Error to Grand Traverse; Mayne (Frederick W.), J. Submitted June 8, 1922. (Docket No. 36.) Decided October 2, 1922.

Case by Dale J. Miley and another against Guy McKevitt Johnson and another for malpractice. Judgment for plaintiff. Defendant Johnson brings error. Affirmed.

*Douglas, Eaman, Barbour & Rogers,* for appellant.

*Parm C. Gilbert,* for appellees.

McDONALD, J. This is an action for alleged malpractice growing out of an operation performed on plaintiff Marcia V. Miley. Plaintiffs had judgment against defendant Johnson for $8,000. The defendant sued out a writ of error and settled a bill of exceptions, but the bill was stricken from the record by this court for the reasons appearing in *Miley* v. *Johnson,* 217 Mich. 415. No attempt was thereafter made to assign error on the record under Supreme Court Rule No. 11. Instead of following that practice the defendant,

without permission of the court, filed three additional assignments of error a short time before the case came on for argument. He is here claiming that the record is insufficient to sustain the judgment.

In this case we are met at the outset with the question, What is there now before the court to constitute a basis for review? There are two methods to be followed in procuring a review of causes upon writ of error.

*First.* By settling a bill of exceptions and assigning error under Circuit Court Rule No. 66.

*Second.* Without a bill of exceptions, but upon the record and error assigned under Supreme Court Rule No. 11.

The defendant attempted to follow the first method but because he had not complied with the statute and court rules, his bill of exceptions was stricken and he was left with the record upon which he could have assigned error under Supreme Court Rule No. 11, but this he did not do. He allowed the time to elapse and then, without permission of the court, filed additional assignments of error. The result is that he is here with the bare record consisting of the process, pleadings, verdict and judgment, and with no assignments of error which the court can consider. We might say, however, for the consolation of counsel, that if he had been permitted to file the additional assignments the court would have held that the record was sufficient to sustain the judgment.

The judgment is affirmed, with costs to the plaintiffs.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.