ORCUTT *v.* WHITE.

NEW TRIAL—ABUSE OF DISCRETION.
In reviewing an order of the court below denying a motion for a new trial on the ground of newly-discovered evidence, the Supreme Court will not interfere unless there was a manifest abuse of discretion on the part of the court.

Error to Alpena; Emerick (Frank), J.    Submitted May 2, 1922.    (Docket No. 53.)    Decided December 5, 1922.    Submitted on rehearing October 9, 1923. Former opinion affirmed October 26, 1923.

Assumpsit by Frederick H. Orcutt and others against William H. White and another for services rendered.    Judgment for plaintiffs.    Defendants bring error.    Affirmed, conditionally.

*J. M. Harris* and *George E. Nichols* (*Willard F. Keeney*, of counsel), for appellants.

*I. S. Canfield* and *J. O. Murfin*, for appellees.

PER CURIAM.    The original opinion in this case is reported in 220 Mich. 590.    On application of the defendants a rehearing was granted.    Before it came on to be heard the defendants asked for an order, which this court allowed, remanding the cause to the circuit court for the county of Alpena, for the purpose of enabling them to make application to that court for leave to move for a new trial on the ground of newly-discovered evidence.    The motion was made and denied by the circuit judge on the 1st day of June, 1923.    Thereupon a petition was presented to

this court for mandamus to review the action of the circuit judge.   The petition was denied but an order was made directing the county clerk of Alpena county to certify the defendants' exceptions to this court, and permitting them to print as a part of the record the proceedings on the application for leave to file a motion for a new trial.   This has been done and the case now before the court involves a hearing on the whole record.

The application for leave to move for a new trial was addressed to the sound judgment and discretion of the circuit judge.   Unless we can say that there was a clear abuse of discretion this court will not disturb his conclusions.   The action of the court was taken after a consideration of the many affidavits and counter affidavits of the parties.   It was his opinion that the showing made by the defendants was not sufficient to entitle them to a new trial.   Any extended discussion by us of the evidence presented by these affidavits would serve no useful purpose.   We have examined and considered all of them and are not so convinced of defendants' right to a new trial as to justify us in finding that there was a manifest abuse of discretion on the part of the circuit judge in denying their motion.

We have also given careful consideration to the briefs and arguments of counsel on the questions involved in the rehearing, and have decided to adhere in all respects to our original opinion.

The judgment as modified by our former opinion is now affirmed.