RADICS *v.* HAYES.

1. APPEAL AND ERROR—QUESTIONS REQUIRING BILL OF EXCEPTIONS NOT REVIEWABLE UNDER COURT RULE.

Rulings on the admission and exclusion of evidence, exceptions to instructions given the jury, to denial of a motion for a new trial, and to argument of counsel may not be brought before the Supreme Court under Supreme Court Rule No. 11, but may be brought only by a bill of exceptions duly settled and certified by the trial judge (3 Comp. Laws 1915, § 12635):

2. EXCEPTIONS, BILL OF—MANDAMUS, NOT WRIT OF ERROR, PROPER PRACTICE IN DIRECTING SETTLEMENT OF BILL OF EXCEPTIONS.

The Supreme Court may not, by writ of error, direct the circuit judge to settle a bill of exceptions, but such direction, in a proper case, must be by mandamus.[2]

3. APPEAL AND ERROR—WRIT WHICH PRESENTS NOTHING TO APPELLATE COURT MUST BE DISMISSED.

A writ of error which brings nothing before the Supreme Court for decision must be dismissed.[3]

Error to Wayne; Moynihan (Joseph A.), J. Submitted October 16, 1925. (Docket No. 93.) Decided December 22, 1925. Rehearing denied April 6, 1926.

Case by Stephen Radics against James F. Hayes for personal injuries. Judgment for defendant. Plaintiff brings error. Dismissed.

*Joseph Fabian* (*Raymond E. Van Syckle,* of counsel), for appellant.

*Wilkinson, Lowther, Wilkinson & O'Connell,* for appellee.

Plaintiff brought this suit to recover damages for personal injuries he received in a collision between

[1]Appeal and Error, 4 C. J. §§ 1665, 1680, 1683, 1769, 1786; [2]Id., 4 C. J. §§ 1921, 1934; [3]Id., 4 C. J. § 2379.

a bicycle he was riding and a truck owned by defendant. Upon trial the jury found defendant not guilty. At the time of verdict, January 14, 1925, plaintiff procured an order granting "20 days' stay of proceedings, to move for a new trial and settle a bill of exceptions—all from entry of judgment." Judgment was entered January 19, 1925. January 30th, on motion, time in which to move for a *new trial* was extended to March 4th. Motion for a new trial was filed February 28th, set up newly-discovered evidence, and claimed errors at the trial in rulings upon the admission and exclusion of testimony, instructions given the jury and argument of counsel. This motion was denied March 11th, and reasons filed. The same day exceptions to denial of the motion were filed. March 19th, motion was made to extend time to settle a bill of exceptions for 80 days from date of denial of motion for a new trial. This was accompanied by the certificate of the stenographer showing the testimony had been furnished. The same date an order was entered extending the time within which to settle a bill of exceptions for 80 days from the date of the denial of the motion for a new trial. This order was made without notice to counsel for defendant and, March 28th, defendant moved to vacate the order, on the grounds that the court was without jurisdiction because no order had been made extending the time beyond the first 20 days after verdict, and notice of the motion to extend the time was not given to the attorneys for defendant. Thereupon defendant made another motion asking that the time to settle a bill of exceptions be extended. These motions were heard and, April 1, 1925, the order extending the time was vacated and the last motion to extend the time denied. Thereupon, plaintiff sued out a writ of error under Supreme Court Rule No. 11, without a bill of exceptions and, as stated in the brief of his counsel:

"Plaintiff seeks review in this court (*a*) of the denial of his motion for a new trial by the court below, and (*b*) of the refusal of the trial judge to settle a bill of exceptions or extend the time to settle same."

WIEST, J. (*after stating the facts.*)  The errors assigned relate solely to matters not of record and, therefore, not cognizable in this court, except by a bill of exceptions.  Rulings on the admission and exclusion of evidence, exceptions to instructions given the jury, to denial of a motion for a new trial, and to argument of counsel, cannot be brought before this court under Rule 11, but only by a bill of exceptions duly settled and certified by the trial judge.  We cannot, by writ of error, direct the circuit judge to settle a bill of exceptions.  Such direction, in a proper case, must be by mandamus.  See section 12635, 3 Comp. Laws 1915, for method of reviewing denial of a motion for a new trial.  See *General Necessities Corp.* v. *Wayne Circuit Judge*, 214 Mich. 135, holding that a motion for a new trial does not suspend the running of the time granted to settle a bill of exceptions.

The writ herein brings nothing to us for decision and is dismissed, with costs to defendant.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.