MANCZEL v. WEISS.

1. APPEAL AND ERROR—LEAVE TO MOVE FOR NEW TRIAL WITHIN DISCRETION OF TRIAL JUDGE.
   A motion for leave to move for a new trial is addressed to the sound discretion of the trial judge, and, unless there is a clear abuse of discretion, his denial of leave will not be disturbed.

2. NEW TRIAL—DENIAL OF NEW TRIAL NOT ABUSE OF DISCRETION.
   Where plaintiff waited six months, after direction of verdict against her, for a transcript of the testimony, and then waited another six months without extension of time in which to move for new trial before filing a motion for leave to move for a new trial, there was no abuse of discretion in denying the motion.

3. APPEAL AND ERROR—DIRECTION OF VERDICT NOT REVIEWABLE WITHOUT BILL OF EXCEPTIONS.
   The action of the trial judge in directing a verdict against plaintiff is not reviewable by the Supreme Court without a bill of exceptions.

4. SAME—WHEN ERROR MAY BE ASSIGNED ON THE RECORD.
   Where no bill of exceptions is settled, and no case made, error may be assigned only on the record.

¹Appeal and Error, 4 C. J. § 2813; New Trial, 29 Cyc. p. 1008; ²Appeal and Error, 4 C. J. § 2813; ³Id., 4 C. J. § 1786; ⁴Id., 4 C. J. § 1786.

5. SAME — ASSIGNMENTS TO MATTERS NOT OF RECORD PRESENT NOTHING FOR REVIEW.

Assignments of error not on the record, but relating to matters not of record, present nothing for review.

6. SAME—WRIT PRESENTING NOTHING FOR REVIEW DISMISSED OF COURT'S OWN MOTION.

Where a writ of error presents nothing for review, the Supreme Court, of its own motion, dismisses the writ.

7. COSTS — DISMISSAL OF WRIT — NO COSTS AWARDED APPELLEES FILING NO BRIEF.

Where, at the time the Supreme Court's opinion was written dismissing of its own motion plaintiff's writ of error because it presented nothing for review, no brief for defendants had been filed, they are awarded no costs.

Error to Wayne; Dunham (Major L.), J., presiding. Submitted January 14, 1927. (Docket No. 104.) Decided April 1, 1927.

Case by Sarah Manczel against Harry Weiss and Anna Solapek, copartners as the Harry Weiss Restaurant, for personal injuries. Judgment for defendants on a directed verdict. Plaintiff brings error. Dismissed.

*Asher L. Cornelius*, for appellant.

WIEST, J. Plaintiff, while head cook in defendants' restaurant, injured two of her fingers in a meat grinder, and brought this suit to recover damages. At the close of her proofs the court directed a verdict for defendants and granted plaintiff a stay of proceedings for 20 days. About a year later, and without any extension of time in which to move for a new trial, plaintiff filed a motion for leave to move for a new trial, alleging that the transcript of the testimony was not received until six months after the trial. The motion was denied, and, without a bill of exceptions

---

[5]Appeal and Error, 4 C. J. § 1611; [6]Id., 4 C. J. § 1811; [7]Costs, 15 C. J. § 609.

or case-made, plaintiff sued out a writ of error.   Plaintiff assigns two errors:

(1) That the court erred in denying plaintiff's motion for leave to file a motion for a new trial.

(2) That the court erred in directing a verdict in favor of defendants.

A motion for leave to move for a new trial is addressed to the sound discretion of the trial judge, and, unless there is a clear abuse of discretion, his denial of leave will not be disturbed.   *Orcutt* v. *White*, 224 Mich. 656.   We find no abuse of discretion in the instant case, but rather a commendable exercise of judgment. The record shows that plaintiff waited six months to get the testimony from the stenographer, and then waited about six months more before asking leave to move for a new trial.   We cannot review the action of the trial judge in directing the verdict without a bill of exceptions.

In *Young* v. *Grand Rapids Trust Co.*, 228 Mich. 115, there was an attempt to review a judgment rendered by direction of the trial judge.   In that case no bill of exceptions was settled or signed by the circuit judge.   We held there was nothing to review.   We said in *Haney* v. *Grand Rapids Trust Co.*, 221 Mich. 160:

"Where no bill of exceptions is settled and no case-made, error can be assigned only on the record."

The assignments of error in the case at bar are not on the record but relate to matters not of record, except by a bill of exceptions.

In *Radics* v. *Hayes*, 233 Mich. 200, we stated:

"The errors assigned relate solely to matters not of record and, therefore, not cognizable in this court, except by a bill of exceptions.   Rulings on the admission and exclusion of evidence, exceptions to instructions given the jury, to denial of a motion for a new trial, and to argument of counsel, cannot be brought before this court under Rule 11, but only by a bill of

exceptions duly settled and certified by the trial judge."

We have nothing before us, and, on our own motion, the writ of error is dismissed.    No brief having been filed in behalf of defendants at the time of writing this opinion, they will not have costs.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.