PUNCH v. MARBLESTONE.

1. APPEAL AND ERROR — REVIEW WITHOUT BILL OF EXCEPTIONS — SUPREME COURT RULE.

On review without bill of exceptions under Supreme Court Rule No. 11, where the record contains a so-called bill of exceptions, motions for new trial, and other matters which have no place in a return and record under the rule, the Supreme Court would be justified in refusing to sift the record to discover its material parts.

2. SAME—ASSIGNMENTS AS TO INSTRUCTIONS AND MOTIONS FOR NEW TRIAL NOT CONSIDERED.

On review without bill of exceptions under Supreme Court Rule No. 11, assignments of error relating to instructions to the jury and to motions for new trial may not be considered.

3. ABATEMENT AND REVIVAL — DEFENSE OF SPLITTING CAUSE OF ACTION SHOULD BE PLEADED IN BAR AND SUPPORTED BY PROOF.

The defense of splitting cause of action may be used only by pleading the first action in bar of the second, and, to prevail, it must be supported by proof.

4. APPEAL AND ERROR—DEFENSE OF SPLITTING CAUSE OF ACTION NOT AVAILABLE ON REVIEW WITHOUT BILL OF EXCEPTIONS.

On review without bill of exceptions under Supreme Court Rule No. 11, the defense of splitting cause of action is not available, since the questions as to whether there was any proof and as to whether the defense was urged in the trial court cannot be determined in the absence of a bill of exceptions.

Error to Wayne; Warner (Glenn E.), J., presiding. Submitted April 27, 1928.     (Docket Nos. 98, 99, Calendar Nos. 33,579, 33,580.)     Decided June 4, 1928.

Separate actions of assumpsit in justice's court by Jacob Punch against Isaac Marblestone for insurance

premiums.    The cases were consolidated in the circuit and tried as one.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*Louis Starfield Cohane* and *Regene Freund Cohane,* for appellant.

*Samuel Shapero* and *Harold M. Shapero,* for appellee.

CLARK, J.    Plaintiff commenced in justice's court two suits against defendant.    The declarations were on the common counts in assumpsit.    Plaintiff had judgment in each case.    Defendant appealed.    In the circuit the causes were consolidated and tried as one, and the jury brought in a general verdict, as appears by the calendar entries printed in the record, in the sum of $558.49.    It is said that judgment was entered on the verdict.    The judgment so entered is not in the record.

Defendant failed to settle and to have signed a bill of exceptions.    He seeks review here on error without bill of exceptions under Supreme Court Rule No. 11. The record contains a so-called bill of exceptions, motions for new trial, and other matter which have no place in a return and record under the rule.    We would be justified in refusing to sift the record to discover its material parts.    *Haney* v. *Grand Rapids Trust Co.,* 221 Mich. 160.

Most of the assignments of .error relate to instructions to the jury and to motions for new trial. These cannot be considered in a case here under the rule.    See *Radics* v. *Hayes,* 233 Mich. 200; *Young* v. *Grand Rapids Trust Co.,* 228 Mich. 115.    The principal question discussed is splitting the cause of action, and the assignment of error on which it is raised relates to instructing the jury, and therefore may not be considered.    Moreover, this defense could be used only by pleading the first action in bar of the second.

*Dutton* v. *Shaw*, 35 Mich. 431. And to prevail it must be supported by proof. *General Electrical Engineering Co.* v. *Brumm*, 218 Mich. 571; *Gardner* v. *Patten*, 15 N. Y. Supp. 324. Whether there was proof and whether the defense was urged to the trial court in the trial we cannot determine in the absence of a bill of exceptions.

No other question merits discussion.

Judgment affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, MCDONALD, POTTER, and SHARPE, JJ., concurred.