### WALTER v. SANDERS.

APPEAL AND ERROR—LIABILITY OF SURETIES ON APPEAL BOND WHERE NO BILL OF EXCEPTIONS SETTLED.

The sureties on a *supersedeas* bond given under 3 Comp. Laws 1915, § 12812, are liable thereunder although, by consent of attorneys, it was executed and filed after expiration of the 20-day period after judgment, and at the time it was filed the right to settle a bill of exceptions had been lost because of failure to file the stenographer's certificate within the 20 days as provided by the statute, since the bond was conditioned, not upon settlement of a bill of exceptions, but upon payment of the judgment unless reversed or set aside, and review might have been had on writ of error under Supreme Court Rule No. 11.

Error to Eaton; Johnson (Clayton C.), J., presiding. Submitted June 15, 1928. (Docket No. 36, Calendar No. 33,615.) Decided October 1, 1928.

Assumpsit by Chester Walter against Frank H. Sanders and another upon an appeal bond. Judgment for plaintiff, defendants bring error. Affirmed.

*Thomas, Shields & Silsbee* and *G. E. McArthur,* for appellants.

*Harry A. Metcalf (Elmer N. Peters, of counsel),* for appellee.

SHARPE, J. This case was tried by the court without a jury. The facts were stipulated by counsel. On March 18, 1925, a judgment was entered in the Eaton circuit court in favor of plaintiff and against the True Manufacturing Company and C. Owen Brownell, defendants. An order followed, granting the defendants "a stay of proceedings for 20 days and a like period of time within which to settle the bill of exceptions."

"Prior to the expiration of the original twenty days' stay of proceedings, Mr. Harry A. Silsbee, one of the attorneys for defendants, called Mr. Elmer N. Peters, one of the attorneys for plaintiff, by telephone and advised Mr. Peters that the stay bond could not be filed within twenty days for the reason that the bond could not be executed on behalf of the principals (defendants) owing to the absence of C. Owen Brownell from the State, and requested Mr. Peters to take no advantage of this delay, which request was granted."

On April 18, 1925, the certificate of the stenographer that a transcript of the testimony had been ordered was filed. On April 30, 1925, the defendants therein filed a bond for a stay of proceedings, with the defendants herein as sureties. It was dated April 13, 1925. After reciting the rendition of the judgment, it reads as follows:

"Whereas, the above bounden True Manufacturing Company and C. Owen Brownell have obtained a stay of proceedings upon said judgment for the purpose of settling a bill of exceptions in said cause.

"Now, therefore, the condition of this obligation is such that if the said True Manufacturing Company and C. Owen Brownell shall pay the said judgment if it is not set aside or reversed and if a writ of error is issued in said cause shall prosecute their said writ of error to effect and shall pay and satisfy such judgment as shall be rendered against them therein then this obligation to be void otherwise to remain in full force and virtue."

On April 30, 1925, an order was made, extending the time to settle the bill of exceptions, and like orders were made on May 23d, August 5th, and September 3d. These orders were all made pursuant to stipulations of the attorneys filed in the cause. When the attorneys for defendants sent the stipulation filed on May 23d to one of the attorneys for the plaintiff, they were advised by him by letter that from an examination of the files it appeared that the stenographer's certificate had not been filed within 20 days after the entry of the judgment, and that it was his understanding that the court had thereby lost jurisdiction to further extend the time, to which defendants' attorneys replied, "We have concluded to go on and see where we land." They went on, and when they presented their bill of exceptions to the trial judge on January 9, 1926, for settlement he refused to sign the same. Application thereafter made to this court for a mandamus to compel such action was denied.

In April, 1926, a receiver for the True Manufacturing Company was appointed. Plaintiff filed his claim under said judgment and received a payment of $1,365.06, that being the distributive share paid to general creditors.

On June 12, 1926, he began this suit to recover the balance of the judgment from the sureties on said bond. He had judgment in the circuit court,

and defendants seek review in this court by writ of error.

The statute (3 Comp. Laws 1915, § 12812) provides:

"No stay of proceedings upon any verdict or judgment * * * shall hereafter be granted or allowed for the purpose of moving for a new trial or settling a bill of exceptions * * * for a longer period than twenty days, unless the party applying for such stay * * * shall execute to the adverse party a bond." * * *

Prior to its passage there was no provision for the filing of a *supersedeas* bond until the service upon the clerk of the court of a writ of error. *Howard* v. *Hess*, 63 Mich. 725. The purpose of the act, to prevent the granting of a stay for a longer period than 20 days after judgment, was clearly stated in *Peterson* v. *Wayne Circuit Judge*, 108 Mich. 608.

The question here presented is whether the bond became effective as an obligation of the defendants when it was filed. Defendants contend that, as their right to settle a bill of exceptions had then expired, "the bond performs no office. Its consideration—the taking of the appeal—has failed and it does not become effective and the sureties are not bound." The defendants might have obtained a review of the judgment in this court by writ of error without the settlement of a bill of exceptions. Supreme Court Rule No. 11; *Miley* v. *Johnson*, 220 Mich. 174; *Young* v. *Grand Rapids Trust Co.*, 228 Mich. 115; *Manczel* v. *Weiss*, 238 Mich. 178. The case having been tried by the court without a jury and findings having been filed, the record would have presented the question: Do the findings of fact support the judgment? *Curry* v. *Shears*, 216 Mich. 699. The bond is not conditioned upon the settle-

ment of a bill of exceptions. It is true that it recites that a stay of proceedings has been granted for that purpose, but the obligation assumed by the sureties was not so conditioned. They agreed to pay the judgment if it was not reversed or set aside. There has been no reversal, and the time within which it might have been submitted to this court had long since expired when this action was begun. As the bond had not been filed before the 20 days had elapsed, execution might then have issued on the judgment. At the request of the defendants' attorneys, consent was given that it might be filed later. The fact that at the time it was filed the defendants had lost the right to have a bill of exceptions settled did not render it a nullity or unenforceable.

We have examined the cases from other jurisdictions cited and relied on by counsel for the defendants. In our opinion they are not applicable to the facts here presented under the provisions of our statutes relating thereto.

The judgment is affirmed.

Fead, C. J., and North, Fellows, Wiest, Clark, McDonald, and Potter, JJ., concurred.