### FRUCHTER v. MARTIN.

1. APPEAL AND ERROR—COMMON PLEAS COURT OF DETROIT—CIRCUIT COURT.

   Appeals to circuit court from the court of common pleas of Detroit are provided for by both general statute and court rule (CLS 1956, § 728.4; Court Rule No 77, as added in 1949).

2. SAME—COMMON PLEAS COURT—CIRCUIT COURT—ISSUE OF LAW.

   The circuit court may reverse the judgment of the court of common pleas of Detroit, where the issue there was one of law based upon substantially undisputed facts (CLS 1956, § 728.4; Court Rule No 77, as added in 1949).

3. COURTS—COMMON PLEAS COURT OF DETROIT—STENOGRAPHIC RECORD OF TESTIMONY.

   A stenographic record of the testimony taken in a case in the common pleas court of Detroit is not required either by statute or court rule (CLS 1956, § 728.4; Court Rule No 77, as added in 1949).

4. SAME—CIRCUIT COURT—SETTLED RECORD ON APPEAL FROM COMMON PLEAS COURT.

   The circuit court may accept a record of a case on appeal from the court of common pleas of Detroit as settled by a judge thereof that sets forth in detailed narrative form a summary

REFERENCES FOR POINTS IN HEADNOTES
[4] 3 Am Jur, Appeal and Error, § 623 et seq.
[6, 7] 6 Am Jur, Bankruptcy § 788.

of the testimony and make decision thereon in like manner as
though a full transcript were before him, where neither of the
parties have taken steps to indicate dissatisfaction with the
record as presented (CLS 1956, § 728.4; Court Rule No 77,
as added in 1949).

5. SAME—NONJURY CASES—ISSUES AVAILABLE.
   On the trial of a nonjury case on appeal to the circuit court
   from the court of common pleas of Detroit the issues available
   are substantially similar to those available under the circum-
   stances on appeal from the circuit court to the Supreme Court
   and the principles governing appeals should be the same
   (CLS 1956, § 728.4; Court Rule No 77, as added in 1949).

6. TROVER AND CONVERSION—WILFUL AND MALICIOUS CONVERSION—
   DISCHARGE IN BANKRUPTCY.
   An unlawful conversion of property that is effected under cir-
   cumstances rendering it wilful and malicious and that is
   timely presented would not necessarily be barred by the
   debtor's intervening discharge in bankruptcy (11 USCA, § 35).

7. SAME—WILFUL AND MALICIOUS CONVERSION—DISCHARGE IN BANK-
   RUPTCY—EVIDENCE.
   Finding of circuit judge on appeal from court of common pleas
   of Detroit in nonjury case, based on record settled by the trial
   judge, that defendant had wilfully and maliciously converted
   plaintiff's diamond ring and that such action was not barred
   by defendant's intervening discharge in bankruptcy is upheld
   as a matter of law based upon substantially undisputed facts
   and because the trial court's decision for defendant was con-
   trary to the preponderance of the evidence (11 USCA, § 35;
   CLS 1956, § 728.4; Court Rule No 77, as added in 1949).

Appeal from Wayne; Murphy (George B.), J.
Submitted April 2, 1957. (Docket No. 8, Calendar
No. 46,769.) Decided October 7, 1957.

Case by Emil Fruchter against Sheldon Martin,
instituted in common pleas court for the City of De-
troit, for value of diamond ring upon conversion.
Appeal by plaintiff to circuit court. Judgment for
plaintiff. Defendant appeals. Affirmed.

*Robbins, Wechsler & Lebenbom (Arthur L. Robbins,* of counsel), for plaintiff.

*Joel G. Jacob* and *Meyer R. Rubin,* for defendant.

Voelker, J. Plaintiff sued the defendant in the common pleas court of Detroit for the wrongful conversion "with wilful and malicious intent" of a diamond ring which he alleged was delivered to the defendant as a bailment under a written agreement of consignment. The defendant answered denying any wrongful conversion and alleging that the transaction was in fact an outright sale on credit and that in any case the plaintiff's claim was barred by the defendant's subsequent discharge in bankruptcy and also by the statute of limitations.

From the record it appears that following a trial without a jury and without a court stenographer the trial court entered a judgment for the defendant of no cause of action, from which the plaintiff appealed to circuit court. The circuit judge reversed the judgment of the judge of the court of common pleas and entered a judgment for the plaintiff in his court and the defendant has appealed.

The record before us is somewhat sketchy. There is no opinion of the common pleas court; there is no formal testimony; there is no finding of facts; there is no judgment; there is merely a narrative recitation, prepared by the judge of the court of common pleas, outlining rather extensively the various competing claims and conflicting testimony of the parties, entitled "Record, as Settled by the Court." It appears that the judge of common pleas court prepared this document when the parties could not agree on a settled record. In the record, as we have said, there is no testimony or finding of facts, including any finding of whether or not the agreement was a consignment or indeed whether the judgment

was rendered upon the merits or because of the failure of the plaintiff's proofs or because of one or the other of the special defenses raised or for still some other reason.

Included in the record before us is an opinion of the circuit judge in which he finds that the delivery of the ring was indeed a written bailment and one which could not be varied by parol; that the subsequent disposal of the ring was deliberate and unlawful and without plaintiff's permission or consent; and that the actions of the defendant in the premises amounted to a wilful and malicious conversion of the property, thus falling into one of the specific exceptions provided in the bankruptcy act in which a discharge in bankruptcy is not a defense.

The main and most serious complaint of the appellant here is that under the law the circuit court had no right to change or alter the findings of fact made in common pleas court and that in any case it reached a wrong result on the law.

We find that appeals to circuit court from the court of common pleas of Detroit are provided for by both general statute and court rule. The statute (CLS 1956, § 728.4 [Stat Ann 1955 Cum Supp § 27.-3654]) provides that all such appeals shall be regarded as appeals to a court of review instead of a trial *de novo,* and that upon appeal the case "shall be reviewed in the same manner as near as may be, as cases appealed from circuit court are now reviewed in the Supreme Court." Court Rule No 77, as added in 1949,* also provides rather elaborately for such appeals, and paragraph (e) of section 18 thereof states that in cases where no stenographic record is taken of the testimony that the record on appeal "shall consist of the following parts, set forth in the following order: (1) The settled record; (2) All

---

* See 326 Mich lvi.—REPORTER.

opinions and findings of the court; (3) The order, judgment or decree appealed from" and the other things there enumerated.

Section 16 of the same rule empowers either party to move the circuit court to require the common pleas court to transmit to it any additional papers it deems necessary for a proper determination of the appeal. There is no showing in the record before us that the defendant attempted to invoke this rule or, further, that he moved to dismiss the appeal under section 15 for incompleteness of the record.

Section 17 of the same rule also provides that upon such appeals the circuit court may:

"(e) Continue the cause until such further evidence shall be taken and brought before it as the court may deem necessary in order to do justice;

"(f) Draw inferences of fact, except in cases prohibited by statute;

"(g) Give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief, whether mentioned in the notice of appeal or not, as the case may require."

This Court has held that upon appeals to circuit court from common pleas court the circuit judge should not reverse the judgment below upon an evidentiary basis unless the testimony taken below clearly preponderates against the judgment there entered (*Michael* v. *Kircher,* 335 Mich 566) or unless the issue below is as much a question of law as one of fact (*Loving* v. *Howard Lare, Inc.,* 344 Mich 97) or unless the facts found were contrary to the uncontroverted testimony (*Cummins* v. *John Hancock Mutual Life Insurance Company,* 337 Mich 629).

Perhaps it would be more accurate and fortunate to say that the above-cited *Loving Case* stands for the proposition that the circuit court may reverse the judgment below where the issue there was one

of law based upon substantially undisputed facts. We fearfully suspect that attempted application of a rule that the circuit court may reverse when the issue below is "as much a question of law as one of fact" can be as elusive as a greased pig and frequently cast both judges and practitioners adrift upon an uncharted semantic sea.

The circuit judge can scarcely be expected to be bound by findings of fact of which he is not made aware unless we are to indulge the rather violent assumption that since the decision below went against the plaintiff that all possible facts and inferences should be deemed to have there been found against him, including the question of whether any diamond ring passed at all. This we are disinclined to do because, among other things, this would in effect give the prevailing party below an advantage on appeal which he would not possess had a complete record as contemplated by the rule been sent up to circuit court. We have already noted that the defendant could have taken certain steps to protect himself if he felt that the record was incomplete or inadequate, and we see no compelling reason for thus additionally rewarding him for his failure to do so.

We have apparently not yet ruled upon the situation here presented, namely, where the record before the circuit judge contains no formal testimony or findings of fact whatever. In commenting on the court rule, Jason Honigman (Honigman, Michigan Court Rules Annotated) at page 234 of his 1957 supplement suggests the advisability of having a stenographic transcript in every case, stating: "In the absence of a stenographic transcript, the issues available for review in the circuit court would be similar to the subject matter available for review in appeals from circuit court to the Supreme Court where there is no bill of exceptions or settled case.

Such matters generally are issues of law apparent from the face of the record."

A literal application of that view here would seem to deny the right of the circuit judge to base his decision upon any findings of fact or to reverse the decision of the common pleas court. And in the case of appeals to the Supreme Court of cases tried in circuit court it is clearly the rule that no questions concerning the evidence will be considered where such evidence is not contained in the appellate record. See *Punch* v. *Marblestone,* 243 Mich 23; *Young* v. *Grand Rapids Trust Company,* 228 Mich 115; *Manczel* v. *Weiss,* 238 Mich 178.

In the absence of a formal stenographic record, then, is there nothing for the circuit court to review other than the issues of law appearing on the face of the record? Are there no differences between appeals to this Court from circuit court and appeals to circuit court from common pleas court? We are inclined to think there are. For one, in the latter situation neither the rule nor the statute requires that a stenographer be present during the taking of the testimony; in fact section 18 of Court Rule No 77 specifically contemplates that there need be no stenographic record of the testimony taken in common pleas court.

It further seems to us that where, as here, the judge of common pleas presents a settled record setting forth in detailed narrative form a summary of the testimony, that the circuit judge may accept that as a record of the testimony in the court below. We have already noted the things the litigants could have done if they were unhappy with that statement of the testimony. Neither party having acted, and the circuit judge being of the opinion that he had an adequate record before him (with which we agree), we think it was proper for him to make his decision in like manner as though a full transcript

were before him. We also think he was then in a position to reverse the lower court on the various grounds which we have heretofore cited, beginning with *Michael* v. *Kircher, supra,* and further to reverse as a matter of law based upon the uncontroverted facts which he deemed he had before him.

Subject to the foregoing observations we think we are warranted in adopting the view that the issues available on appeal from common pleas court to circuit court in a case tried without a jury are substantially similar to those available under like circumstances on appeal from the circuit court to the Supreme Court. So far as may be, then, we believe the principles governing such appeals should be the same in both instances. See Honigman's citation of cases on such appeals to this Court under Court Rule No 64 (1945), under note 3 on pages 621 and 622 of the text and on page 145 of the current supplement.

There remains the question of whether the circuit judge correctly applied the law to the situation he found before him. This in turn brings us to the issue of whether the action here is barred by the defendant's discharge in bankruptcy, the defendant contending that his actions may not be regarded as "wilful and malicious injuries to the person or property of another" within the meaning of that expression as used in the bankruptcy act.[*]

In *Tudryck* v. *Mutch,* 320 Mich 86, this Court in a well-reasoned opinion held that an unlawful conversion of property might, under certain circumstances, be deemed "wilful and malicious" from the very act of conversion itself, and, hence, that a timely legal claim based upon such conversion would not necessarily be barred by the debtor's intervening discharge in bankruptcy.

In the present case the circuit judge found that

---

[*] See 11 USCA, § 35.—REPORTER.

there was an unlawful conversion of the ring; that it was wilful and malicious; and that under the authority of the facts and language and holding in the *Tudryck Case* the action was not barred by the defendant's intervening discharge in bankruptcy. If we concede the right of the circuit judge to find any facts at all in the situation presented here (which we have just conceded), then we think the situation as found by him was clearly within the spirit and language and holding in the *Tudryck Case* and that the action was not barred by the defendant's discharge in bankruptcy. If a man borrows my wife's diamond ring for a specific purpose and then turns around and sells it to a stranger without her knowledge and consent and further refuses to account for the proceeds but instead goes into bankruptcy, we are offhand unable to divine what kind of behavior this is, if it is not wilful and malicious.

It seems to us, then, that the decision of the circuit judge may be upheld here on either one of two grounds: one, as a matter of law based upon the substantially undisputed facts; and, two, because the lower court's decision was contrary to a preponderance of the evidence. We so hold and the judgment of the circuit court is affirmed, with costs to the prevailing party.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, KELLY, CARR, and BLACK, JJ., concurred.