SASE *v.* EIFRATE.

BROKERS—COMMISSION—EVIDENCE.

> Determination of common pleas court for plaintiff on issue of fact as to whether plaintiff broker had procured a purchaser ready, able and willing to perform option agreement signed by defendant, affirmed by the circuit court, *held*, not contrary to the clear preponderance of the evidence presented in action for commission (Court Rule No 77, as added in 1949).

---

3 Am Jur, Appeal and Error § 900.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 5, 1958. (Docket No. 24, Calendar No. 47,373.) Decided July 15, 1958.

Action by James E. Sase, doing business as Marygrove Realty Company, against Tony Eifrate and Lena Eifrate for real-estate broker's commission. Judgment for plaintiff in common pleas court and circuit court. Defendant appeals. Affirmed.

*Clayton D. W. Bordner,* for plaintiff.

*Samuel John Prete (David Gooze,* of counsel), for defendants.

BLACK, J. The plaintiff realty broker, declaring in Detroit common pleas, says that he timely obtained a husband-and-wife purchaser who was ready, willing and able to acquire defendants' premises as listed with him for sale; that on account thereof he has earned a commission owing him by defendants in the sum of $1,425, and that defendants persist in refusing to pay.

It was shown in evidence that defendants' home in Detroit was duly listed—in writing—with plaintiff for sale. The instrument materially provided:

"If a purchaser is obtained for said property by anyone, including the undersigned, during the life of this contract, at the price and terms above named, or upon any other price, terms or exchange to which we consent; or if said property is sold within 3 months from the termination hereof to or through any person with whom you or another member have had negotiations, we agree to pay you or the member of the United Northwestern Realty Association who procures a purchaser therefor, 5% of the selling price, as commission for services rendered."

Within the period of listing plaintiff presented to defendants a written offer to purchase the home, signed by prospective purchasers Malcolm M. and Margaret Neimeyer. The offer was promptly accepted by defendants, in writing. The offer stipulated:

Paragraph 2. "Payment of purchase money is to be made in cash or certified check. Purchaser agrees that if he is to finance this transaction by obtaining a mortgage, he will apply for at his own expense within 5 days from the acceptance of this offer. Purchaser to pay cash to new mortgage of $15,000."

Paragraph 7. "However, if sale is to be consummated in accordance with paragraph 2, then the closing shall be governed by the time required for obtaining a mortgage."

Paragraph 11. "The closing of this deal shall take place at the office of mortgage company   *   *   *. This purchase subject to buyer's sale of present home."

The deal fell through. Plaintiff, relying particularly on testimony of Mr. Neimeyer, insisted below and insists here that the reason for such bootless result was defendants' subsequent demand for $5,000 more than the accepted offer called for in the way of purchase consideration. Defendants, supporting their claim with testimony to such effect, insisted below and now insist that the Neimeyers were never able to purchase according to the accepted offer and that they, defendants, following lapse of a reasonable time for completion of the agreed purchase, justifiably rescinded their said acceptance.

The issue so framed was tried to the court (in common pleas) and resulted in a judgment for plaintiff in the declared amount. Defendants appealed to the Wayne circuit. There the judgment of common pleas was affirmed. Defendants review and

present the decisive question as follows (Stated Question No 1):

"Did the lower court (circuit court) err in affirming the judgment of the common pleas court which found that the plaintiff, the broker, furnished a buyer, ready, willing and able to perform so as to entitle him to a commission?"

We are unable to find on review of the appendices and briefs that appellants have brought forth a legal question of substance. We do find that the declared and triable issue presented below and in turn here is one of fact only. Evidence of substance and worth was presented in support of an affirmative as well as negative answer to the question which is common to these cases: Did the broker timely obtain and provide a buyer who was ready, willing and able to acquire as agreed? The trier of facts resolved that question in favor of the plaintiff broker and we are unable to say that his judgment is contrary to the clear preponderance of the evidence. See Court Rule No 77 (1945)* and *Schneider* v. *Pomerville,* 348 Mich 49.

Plaintiff's right to recover, the findings and judgment in common pleas considered, is supported by *Beatty* v. *Goodrich,* 224 Mich 538 (followed in *Advance Realty Co.* v. *Spanos,* 348 Mich 464). The circuit court in these circumstances could do naught but affirm (*Freedman* v. *Palmer Park Theater Co.,* 345 Mich 657; *Fruchter* v. *Martin,* 350 Mich 12; *Book Furniture Co.* v. *Chance,* 352 Mich 521). We must do likewise.

Affirmed, with costs to plaintiff.

Dethmers, C. J., and Carr, Kelly, Smith, Edwards, Voelker, and Kavanagh, JJ., concurred.

---

* As added September 22, 1949.   326 Mich lvi.—Reporter.