THOMAS v. NATIONAL LIFE & ACCIDENT
INSURANCE COMPANY.

1. APPEAL AND ERROR—CIRCUIT COURT—COMMON PLEAS COURT.
   The circuit judge should not reverse the judgment of the common
   pleas court on an evidentiary basis unless the testimony taken
   below clearly preponderates against the judgment there entered
   or unless the facts found were contrary to the uncontroverted
   testimony.

2. INSURANCE—LIFE POLICY—MATERIAL MISREPRESENTATIONS IN AP-
   PLICATION.
   Finding of the common pleas court that plaintiff grandmother
   of insured boy, nearly 9 years of age at time he died, had
   made material misrepresentations in her application for life
   insurance held, supported by competent evidence showing a
   cerebral birth injury, deformity, brace on left leg, periodic
   convulsions, and death a few days after operation for brain
   surgery for the congenital problem.

Appeal from, Wayne; Sullivan (Joseph A.), J.
Submitted October 7, 1960. (Docket No. 49, Calen-
dar No. 48,585.) Decided December 2, 1960.

Action by Marie Thomas against the National Life
& Accident Insurance Company, a foreign corpora-
tion, on an insurance policy issued upon her applica-
tion on the life of her grandson. Judgment for
defendant in common pleas court and circuit court.
Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 896.
[2] 29A Am Jur, Insurance § 1925.

*Chester Smith,* for plaintiff.

*Fischer, Sprague, Franklin & Ford (Edward B. Harrison,* of counsel), for defendant.

KAVANAGH, J.   Plaintiff sued in common pleas court of the city of Detroit on a $1,000 policy of life insurance issued by defendant insurance company on the life of her grandson, Sammie Lee Quarterman. The policy had been issued at plaintiff's request and named plaintiff herself as beneficiary.   The defendant insurance company answered plaintiff's declaration denying liability and alleging plaintiff had made material misrepresentations in her application for the policy; Sammie Lee Quarterman was not in sound health on the date of issuance of the policy; plaintiff had made false answers to various questions in the application for insurance; and plaintiff had certified, at the end of the application, that to the best of her knowledge and belief the answers to the questions in the application were complete and true.   Some of those questions and answers were as follows:

"10. Is proposed insured in good health, to the best of your knowledge?"   Answer—yes.

"13. Has proposed insured had any illness or injury in past 5 years?"   Answer—no.

"15. Has proposed insured ever been confined to a hospital or sanatorium?"   Answer—no.

"17. Is proposed insured deformed or paralyzed?"   Answer—no.

The case was tried in the common pleas court without a jury.   At the conclusion of proofs the trial court found expressly that plaintiff gave the answers shown in the application and further found, in substance, that the answers were false in material respects.   Verdict of no cause of action and judgment for defendant was entered.

Plaintiff took an appeal to the circuit court for the county of Wayne, and the judgment of the common pleas court was affirmed.

The sole question before the circuit court, and the sole question before this Court, is: Was the finding of the common pleas judge that plaintiff made material misrepresentations in her application for life insurance supported by competent evidence?

In *Book Furniture Co.* v. *Chance,* 352 Mich 521, this Court held that upon appeals to the circuit court from the common pleas court, the circuit judge should not reverse the judgment below on an evidentiary basis unless the testimony taken below clearly preponderates against the judgment there entered (*Michael* v. *Kircher,* 335 Mich 566); or unless the facts found were contrary to the uncontroverted testimony (*Cummins* v. *John Hancock Mutual Life Insurance Co.,* 337 Mich 629). See, also, *Fruchter* v. *Martin,* 350 Mich 12, and cases therein cited.

Plaintiff contends she was not asked the questions by defendant's agent, but that the answers were supplied by the agent himself.

Testimony discloses that Sammie Lee Quarterman was born on March 2, 1950, and that he suffered a cerebral birth injury, which was followed by convulsions shortly after birth. He was transferred from Woman's Hospital to Children's Hospital, where he was treated for the convulsions for 6 days. He was treated at Children's Hospital on 26 dates between March 18, 1950, and April 19, 1957. At about the latter date he was taken to University Hospital at Ann Arbor and continued to visit University Hospital until December, 1958, when he submitted to brain surgery for the congenital problem. He died a few days after the operation, on January 7, 1959.

During his entire lifetime, Sammie Lee experienced convulsions at intervals. He had limited use

of his left arm and left leg, which were deformed. He wore a brace on his left leg for a period of time, and he underwent surgery at Grace Hospital, in Detroit, in April of 1956, to correct or alleviate the deformity of the leg. He attended a special school for handicapped children because of the leg condition and the convulsion problem. Sammie Lee lived with his parents; however, almost every weekend and during school vacation periods he stayed at the home of his grandmother, plaintiff herein.

Plaintiff claimed she did not supply the information for the answers in the insurance application, nor did she read the application so as to know the answers that were inserted by defendant insurance company's agent. She testified she signed the application form without reading it after it had been filled out. She further contended that she did not know of the operation on Sammie Lee; that he was in good health; and that he was never sick while he was at her house. She claimed Sammie Lee's mother had never told her he had been taken to the hospital.

George Gurganian, defendant's agent, was asked the following questions and gave the following answers:

"*Q.* Where did you get the address?

"*A.* From Mrs. Thomas.

"*Q.* The height, age and the state he was born and the beneficiary?

"*A.* Yes, I did.

"*Q.* Did you ask all the questions that were called for?

"*A.* Yes.

"*Q.* Did you record anything other than what you were told?

"*A.* Remark on the back that the proposed insured's parents were not living.

"*Q.* Where did you get that information?

"*A.* Mrs. Thomas; and that the beneficiary was the closest living relative."

The finding of the common pleas court that plaintiff made material misrepresentations in her application for life insurance was supported by competent evidence.

Judge Cartwright in common pleas court heard the witnesses testify and observed their demeanor on the stand. He was in a much better position than is this Court to determine which witnesses were telling the truth. He came to the conclusion that material misrepresentations were made by plaintiff and relied upon by defendant. This Court feels from a reading of the testimony that the lower courts reached a correct conclusion.

The decision of the circuit court is affirmed. Defendant shall have costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred.